AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED

MAY 1 6 2015

David J. Bradley, Clerk

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Lizandro Salvador MORALES-MEDRANO | ) | Case No. M-15-0778-M |
| YOB 1985 - Mexican Citizen | ) | |
| | ) | |
| Defendant | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  05/15/2015  in the county of  Hidalgo  in the  Southern  District of  Texas  , the defendant violated  Title 18  U. S. C. §  Section 922 (g)(5)  , an offense described as follows:

Unlawful to possess a firearm that had previously traveled in and affected interstate commerce while being an alien who is illegally or unlawfully present within the United States.

This criminal complaint is based on these facts:

SEE ATTACHMENT A

☑ Continued on the attached sheet.

_____
Complainant's signature

Carlos M. Delgado, Jr, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 16, 2015  4:10 pm

_____
Judge's signature

City and state:  McAllen, TX

Peter E. Ormsby, U.S. Magistrate Judge
*Printed name and title*

AO 91 (Rev. 02/09) Criminal Complaint

## ATTACHMENT A

I, Special Agent Carlos M. Delgado, Jr., affiant, do hereby depose and state the following based on firsthand knowledge as well as information relayed from other members of law enforcement:

I am a Special Agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been a law enforcement officer since April 2007.

My duties include the investigation of violations of Federal firearms laws. I know it to be unlawful for any person, not being a citizen of the United States and being illegally or unlawfully present within the United States to possess a firearm.

On May 14, 2015, ATF Special Agents (SAs) interviewed Julie TORRES GARCIA regarding her recent purchase of six (6) AK-47 rifles. TORRES GARCIA told the agents that she purchased nine (9) AK-47 and AR rifles; both of which are highly trafficked firearms into Mexico, on behalf of an individual known as "CHAVA" in exhange for a $200 payment per rifle. TORRES GARCIA also agreed to cooperate with the agents by contacting "CHAVA" and requesting to purchase additional firearms on his behalf.

On May 15, 2015, TORRES GARCIA communicated with "CHAVA" via text messages and "CHAVA" instructed TORRES GARCIA to meet him at the parking lot of the Best Buy located at 3400 E. Expressway 83, in McAllen, Texas to received money to purchase one AK-47 rifle on his behalf. At approximately 3:00 pm, ATF agents observed a Hispanic male later identified as Lizandro Salvador MORALES-MEDRANO, meet with TORRES-GARCIA at the Best Buy parking lot. During the meeting, MORELES-MEDRANO provided TORRES GARCIA with money and instructed her to go to federal firearms licensee (FFL) 44 Firearms, located at 421 W. Hwy. 83 Suite 7, McAllen, Texas and purchase one AK-47 rifle on his behalf. MORALES-MEDRANO further instructed TORRES GARCIA to meet him at the parking lot of the HEB located at 2409 E. Expressway 83, Mission, Texas to deliver the rifle to him after she purchased it.

Agents maintained surveillance on TORRES GARCIA and saw her enter FFL 44 Firearms. Approximately 30 minutes later, the agents saw TORRES GARCIA exit FFL 44 Firearms carrying a dark colored rifle box and place it in the back seat of her vehicle. The agents maintained surveillance on TORRES GARCIA and instructed her to meet with them before delivering the rifle to MORALES-MEDRANO.

Upon meeting with TORRES GARCIA, the agents verified that TORRES GARCIA purchased a Century Arms, model WASR-10, 7.62 X 39 mm caliber, rifle, s/n: A1-34305-15 and allowed TORRES GARCIA to resume her trip as planned.

## ATTACHMENT A

The agents contuninued surveillance on TORRES-GARCIA until she met with MORALES-MEDRANO at the HEB parking lot. At this point, MORALES MEDRANO approached TORRES GARCIA's vehicle and obtained the change for the purchase of the rifle and returned to his vehicle. Shortly thereafter, MORALES-MEDRANO re-approached TORRES-GARCIA's vehicle and paid her for purchasing the rifle on his behalf. MORALES-MEDRANO then returned to his vehicle and opened a tool box in the back of his pick up and subsequently turned to open the driver's side rear door of TORRES GARCIA's vehicle in order to retrieve the firearm. At this point the agents approached the scene and arrested MORALES-MEDRANO.

Post Miranda, MORALES-MEDRANO told the agents he provided money to and instructed TORRES GARCIA to purchase one AK-47 rifle for him. MORALES-MEDRANO also stated that he met with TORRES GACIA at the HEB and paid her for purchasing the rifle on his behalf.

Homeland Security Investigations (HSI) Special Agent Rolando Gomez conducted immigration records checks and determined that MORALES-MEDRANO was a citizen of Mexico who was illegally present in the U.S.

ATF SA Patrick Briody, a recognized Interstate Nexus Expert, verbally informed the agents that based on the description of the aforementioned firearm provided to him, the firearm was manufactured outside of the state of Texas and therefore traveled in interstate commerce.

_____
Carlos M. Delgado, Jr, ATF Special Agent

Sworn to before me and subscribed in my presence,

_____       May 16, 2015
Peter E. Ormsby, U.S. Magistrate Judge